DUNN v. EMPIRE ENGINEERING CORPORATION.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. CANALS (§ 18*)—OBSTRUCTION TO TOWPATH—NEGLIGENCE—EVIDENCE.

Evidence *held* to support a finding that animals towing boats on a canal were mired in mud negligently placed on the towpath by a contractor of the state for canal work.

[Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24; Dec. Dig. § 18.*]

2. CANALS (§ 18*)—CONTRACTS WITH STATE FOR IMPROVEMENTS—LIABILITY OF CONTRACTOR FOR NEGLIGENCE.

A contractor of the state for improving a canal, who agrees to do the work so as not to interfere with the navigation of the canal, and to indemnify the state against claims for damages resulting from the work, is liable for injuries to animals towing boats on the canal, caused by his negligently obstructing the towpath.

[Ed. Note.—For other cases, see Canals, Cent. Dig. §§ 20–24; Dec. Dig. § 18.*]

Appeal from Trial Term, Oneida County.

Action by Dennis P. Dunn against the Empire Engineering Corporation. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

G. D. Judson, for appellant.
J. F. Connor, for respondent.

KRUSE, J. The plaintiff, a navigator of the canals, was towing two boats with a team consisting of two mules and one horse. The animals were mired in the mud placed or permitted to run upon the towpath through the carelessness of the defendant, as the plaintiff contends. The animals were injured, so that one died and the other two are not as good as they were before they were injured. No claim is made that the verdict is excessive, but the defendant contends that the plaintiff failed to show that he or his driver was free from contributory negligence, or that the defendant was negligent, and, furthermore, that, even if the defendant was negligent, no liability exists against it, for reasons which will be stated presently.

[1] The defendant had a contract for doing canal work. It was engaged in doing that work near Adams Basin, Monroe county. The towpath was from 12 to 13 feet wide—some say 16 to 18 feet—located on the north side of the canal. On the north side of the towpath

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was the state spoil land, and to the north of that was a highway. The spoil ground sloped toward the highway. A fence or barrier was placed between the highway and the north side of the spoil ground, thus forming a pocket, the bottom of which sloped away from the north side of the towpath, to the depth of 6 or 8 feet below the level of the towpath. Into this pocket the defendant put the mud and soft material excavated from the canal, making a pile of spoil somewhat higher than the level of the towpath. There was no barrier between the spoil land and the towpath. It was not contemplated that the mud and soft material should be put upon the towpath, but upon the spoil ground, and the defendant contends that none of the material was placed upon the towpath by it. The plaintiff contends otherwise, claiming that the defendant either placed it upon the towpath or that the spoil was piled so high and the mud was so soft that, without being held in place by a barrier or otherwise, it naturally would and did run upon the towpath.

The contract between the defendant and the state provided that the work should be done so as not to interfere with the navigation of the canal. The evidence tends to show that the entire towpath for quite a distance was covered to within 6 feet of the canal bank with mud, 15 or 20 inches deep, and there were holes in the towpath besides; that the plaintiff and his driver were unaware of the condition, and after the animals were driven into the mud they floundered and finally turned to the right, where the mud was still deeper, so that it became necessary to pull them out, and they were injured. The accident occurred on Sunday night, August 15, 1909, near midnight. It was dark. There was no light or signal of any kind to warn against the dangerous condition of the towpath. While the condition of the towpath was in dispute, I think the jury was warranted in finding from the evidence that the towpath was made impassable and dangerous through the fault of the defendant, and in consequence thereof the plaintiff sustained the loss, and that without fault upon his part or any want of care imputable to him.

[2] The defendant, however, contends that, because the state or any of its officials would not be liable to the plaintiff, the defendant is likewise exempted from liability. Counsel makes a very interesting argument to show that no liability exists against the state or any of its officers or agents. That, I think, may be conceded. I do not see how, in any event, the state or its agents could be made liable, because neither was responsible for the dangerous condition of the towpath. The doing of the work in hand did not create the dangerous condition, but rather the manner in which it was done. The defendant was in no sense an agent or servant of the state. It was an independent contractor. In a broad sense the canal is a public highway, and defendant's relation to the work was not unlike that of a contractor engaged in improving the public roads. The towpath is for public use. The plaintiff had a right to use it as he did. It was made impassable and dangerous by the defendant. The defendant's liability does not arise out of any obligation it may be under to the state, by the terms of its contract, to indemnify and save

the state harmless against claims which may come against the state or its officers, but because of the direct wrong done by the defendant to the plaintiff. The defendant had no more right to obstruct and make impassable the towpath than any one else, except so far as it was necessary or permissible in carrying out its contract with the state in doing the work. The towpath was not closed to travel, and not the least precaution was taken to guard against the dangerous condition.

Counsel on either side have cited many decisions, but it does not seem necessary to analyze or comment upon them. I think none is at variance with the views expressed, but quite in harmony therewith. The latest case to which attention is called is that of Huntley v. Empire Engineering Corporation (D. C.) 189 Fed. 516, recently decided by Judge Hazel, where this same defendant was held liable for leaving a submerged obstruction in the canal. Judge Hazel cites various cases in the Court of Appeals to sustain his decision, and I think they also support the conclusion reached here.

None of the other grounds urged for reversal requires discussion.

The judgment and order should be affirmed, with costs. All concur.